J. Andrew Coombs (SBN 123881)                                    **MADE JS-6**
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California  91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiff
Imageline, Inc.


Rudolph Goetze
*rudysoft@verizon.net*
239 Colony Avenue
Staten Island, New York 10306
Telephone:  (718) 351-3178
Facsimile:   (718) 351-3178

Defendant, *in pro se*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Imageline, Inc., | Case No. CV09-1871 GW (PLAx) |
| Plaintiff, | PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE |
| v. | |
| Rudolph Goetze and Does 1 – 10, inclusive, | |
| Defendants. | |

      The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal with Prejudice that has been executed by Plaintiff Imageline, Inc. ("Plaintiff") and Defendant Rudolph Goetze ("Defendant") in this action, and good cause appearing therefore, hereby:

      ORDERS that based on the Parties' stipulation and only as to Defendant, his successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, 15 U.S.C. § 1051, *et seq.*, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  The Parties stipulate and agree that service of process was properly made against Defendant.

2)     Plaintiff is the owner of all rights in and to the copyrights in all of the images incorporated into and part of the collective registrations listed in Exhibit A attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Properties").

3)     Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4)     Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a)     Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically from:

        i)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of, or bear a substantial similarity to any of Plaintiff's Properties;

        ii)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of, or bear a confusing similarity to any of Plaintiff's Properties;

iii)     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

iv)     Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5)     Each side shall bear its own fees and costs of suit.

6)     Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7)     This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8)     The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9)     The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)     The above-captioned action, shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment, [Proposed] Final Judgment and requesting entry of judgment against Defendant, be reopened should the Defendant default under the terms of the Settlement Agreement.

11)     This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this permanent injunction and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.


Dated: October 26, 2009

_____
Hon. George H. Wu
United States District Judge


PRESENTED BY:

J. Andrew Coombs, A Professional Corp.


By:_____
        J. Andrew Coombs
        Annie S. Wang
Attorneys for Plaintiff Imageline, Inc.


Rudolph Goetze


By:_____
        Rudolph Goetze
Defendant, *in pro se*

## EXHIBIT A

### Copyright Registrations

| Title of Registration | Registration No. |
|---|---|
| Imageline Design Gallery | VA 841-528 |
| Imageline Master Gallery | VA 751-565 |
| PicturePak SuperBundle | VA 746-773 |
| PicturePak Plus: for Harvard Graphics 2.0 for Windows | VA 885-695 |
| LogoExpress LogoWorks | VA 791-082 |
| Headliners | VA 844-189 |